**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**GREGORY DEATRICK BEARD,**

    **Plaintiff,**

vs.   Case No. 4:18cv323-RH/CAS

**CLAY COUNTY CIRCUIT COURT,**
**et al.,**

    **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

There have been numerous problems with the initiation of this case. Plaintiff was an inmate in the Green Cover Springs Jail at the time of case initiation. *See* ECF No. 2 at 1. The Clerk's Office sent the usual notice to pro se litigants, ECF No. 3, but that notice was returned as undeliverable. ECF No. 4. It appears that the Clerk's Office located another address and the notice was remailed to Plaintiff. ECF No. 5. That mail was also returned to the Court as undeliverable. ECF No. 6. Another notice was remailed to Plaintiff, and it is assumed that Plaintiff received the notice, but Plaintiff has not filed a notice of change of address with this Court, or

otherwise filed any document alerting the Court to the fact that his address is no longer at the County Jail.

Additionally, it is unclear whether Plaintiff intended to litigate this case in this Court. Although Plaintiff used the forms which are appropriate for this Court, he provided another case number (2017 CF 1535) on those forms which suggest Plaintiff may have intended to file these documents in a state court action.

Furthermore, Plaintiff's in forma pauperis motion, ECF No. 2, is also insufficient to demonstrate Plaintiff's entitlement to in forma pauperis status. Ruling on that motion should be deferred pending clarification that Plaintiff desired to proceed with this case.

Nevertheless, Plaintiff's claims concern events connected with a state criminal action. ECF No. 1. The case is, or was, proceeding in Clay County, Florida, and involves claims against the judge, the prosecutor, and the Clay County Circuit Court. *Id.* There are no allegations against any person located within the Northern District of Florida, none of the events alleged occurred within this District, and Plaintiff is not located within this District.

Because Clay County, Florida, is located within the Middle District of Florida, as are each of the Defendants, the proper forum for this action

Case 3:18-cv-01438-HES-J_T   Document 7   Filed 10/18/18   Page 3 of 4 PageID 31

Page 3 of 4

pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Jacksonville Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought." The Court may also raise the issue of defective venue *sua sponte*. Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.").

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), it is **RECOMMENDED** that this case be transferred to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on October 18, 2018.

     S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written**

Case No. 4:18cv323-RH/CAS

**objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**